| PROB 22 (Rev. 2/88) | | DOCKET NUMBERS *(Tran. Court)* 03-00297-001 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* CR07-0778 DLJ |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Ms. Marlowe West    **FILED** DEC 20 2007 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND | WESTERN DISTRICT OF PENNSYLVANIA | PROBATION OFFICE |
| | NAME OF SENTENCING JUDGE The Honorable Gustave Diamond | |
| | DATES OF PROBATION/SUPERVISED RELEASE | FROM 05-30-07 |

**ORIGINAL FILED DEC - 7 2007 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

| OFFENSE Bank Fraud, 18 U.S.C. § 1344 |
|---|

**PART 1 - ORDER TRANSFERRING JURISDICTION**

 IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

August 21, 2006
*Date*

/S/ Gustave Diamond
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

 IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Dec 4, 2007
*Effective Date*

*United States District Judge*

IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. *03-297* |
| | ) | |
| v. | ) | 18 U.S.C. §§ 371, 1344(1) |
| | ) | ~~[UNDER SEAL]~~ |
| MARLOWE WEST | ) | |

### INDICTMENT

### COUNT ONE

### THE CONSPIRACY

The grand jury charges:

1.  From in and around May 2002, and continuing thereafter until in and around October 2003, in the Western District of Pennsylvania and elsewhere, the defendant, MARLOWE WEST, did knowingly and willfully conspire, combine, confederate and agree with other persons both known and unknown to the grand jury, to commit offenses against the United States, that is:

    (a)  Bank Fraud, in violation of Title 18, United States Code, Section 1344(1); and

    (b)  Access Device Fraud, in violation of Title 18, United States Code, Section 1029(a)(2).

### MANNER AND MEANS OF THE CONSPIRACY

2.  It was a part of the conspiracy that members of the conspiracy would obtain unauthorized access devices, typically credit card numbers, in the names of individuals known to the grand jury.

3.    It was further a part of the conspiracy that members of
the conspiracy would obtain false identification cards in the same
names as those associated with the unauthorized access devices.

4.    It was further a part of the conspiracy that members of
the conspiracy would use the unauthorized devices to obtain cash
advances at federally insured financial institutions.

## OVERT ACTS

5.    In furtherance of the conspiracy, and to effect the
objects thereof, the defendant, MARLOWE WEST, and others known and
unknown to the grand jury, did commit and cause to be committed,
the following overt acts, among others, in the Western District of
Pennsylvania and elsewhere:

(a) In and around August 2003, the defendant, MARLOWE
WEST, and two other individuals unknown to the grand jury
(hereinafter Subject No. 1 and Subject No. 2, respectively),
obtained at least three unauthorized access devices in the names of
individuals known to the grand jury;

(b) In and around August 2003, the defendant, MARLOWE
WEST, Subject No. 1, and Subject No. 2, obtained at least three
false identification cards in the names associated with the
unauthorized access devices referred to in paragraph 5(a) above;

(c) In and around August 2003, the defendant, MARLOWE
WEST, Subject No. 1, and Subject No. 2, traveled to the Pittsburgh,
Pennsylvania area with the unauthorized access devices and false
identification cards referred to in paragraphs 5(a) and 5(b) above;

(d) On or about August 21, 2003, Subject No. 1 entered the National City Bank Branch on Cochran Road, Mt. Lebanon, Pennsylvania, presented a MasterCard, card # 5189-1916-9817-6327 in the name of an individual known to the grand jury (hereinafter "MK"), and a false identification card in same name, and requested a cash advance in the amount of $8,000.00;

(e) On or about August 21, 2003, the defendant, MARLOWE WEST, entered the National City Bank Branch at the Lebanon Shops, Mt. Lebanon, Pennsylvania, and asked whether the bank did cash advances;

(f) On or about August 22, 2003, the defendant, MARLOWE WEST, entered the Citizens Bank branch at North Fayette, near Pittsburgh, Pennsylvania, presented a credit card, account #5189-1943-8793-9716, in the name of an individual known to the grand jury (hereinafter "SQ") and a false identification card in the same name, and requested a cash advance in the amount of $8,000.00;

(g) On or about August 22, 2003, the defendant, MARLOWE WEST, entered the National City Bank Branch in Carnegie, Pennsylvania, and asked whether the bank did cash advances;

(h) On or about August 22, 2003, Subject No. 1 entered the PNC Bank Branch in Carnegie, Pennsylvania, presented a MasterCard credit card, account #5189-1916-9817-6327, in the name of "MK", and a false identification card in same name, and requested a cash advance in the amount of $8,000.00;

(i) On or about August 22, 2003, the defendant, MARLOWE WEST, entered the PNC Bank Branch at PNC Park, Pittsburgh, Pennsylvania, presented a credit card in the name of "SQ", and a false identification card in same name, and requested a cash advance in the amount of $8,000.00;

(j) On or about August 22, 2003, the defendant, MARLOWE WEST, entered the Citizens Bank Southside branch, Pittsburgh, Pennsylvania, presented a credit card, account #5189-1943-8793-9716, in the name of "SQ", and a false identification card in same name, and requested a cash advance in the amount of $8,000.00; and

(k) On or about August 22, 2003, Subject No. 2 entered the National City Bank Branch in Sheraden, Pittsburgh, Pennsylvania, presented a VISA credit card, card #4366-1630-6953-0745, in the name of an individual known to the grand jury as "KW", and a false identification card in the same name, and requested a cash advance.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The grand jury further charges:

6. In and around August 2003, in the Western District of Pennsylvania and elsewhere, the defendant, MARLOWE WEST, and Subjects No. 1 and No. 2, did knowingly execute and attempt to execute a scheme and artifice to defraud National City Bank, a federally insured financial institution, as described in paragraphs 2, 3 and 4 of this Indictment, which paragraphs are incorporated herein as if set forth in full.

7. It was part of the scheme and artifice that, on or about the dates set forth in paragraphs 5(a-e), 5(g) and 5(k) of this Indictment, the defendant, MARLOWE WEST, and Subjects No. 1 and 2, did commit the acts set forth therein, which paragraphs are incorporated herein as if set forth in full.

In violation of Title 18, United States Code, Section 1344(1).

## COUNT THREE

The grand jury further charges:

8.    In and around August 2003, in the Western District of
Pennsylvania and elsewhere, the defendant, MARLOWE WEST, and
Subjects No. 1 and No. 2, did knowingly execute and attempt to
execute a scheme and artifice to defraud Citizens Bank, a
federally insured financial institution, as described in
paragraphs 2, 3 and 4 of this Indictment, which paragraphs are
incorporated herein as if set forth in full.

9.    It was part of the scheme and artifice that, on or about
the dates set forth in paragraphs 5(a-c), 5(f) and 5(j) of this
Indictment, the defendant, MARLOWE WEST, and Subjects No. 1 and
2, did commit the acts set forth therein, which paragraphs are
incorporated herein as if set forth in full.

In violation of Title 18, United States Code, Section
1344(1).

## COUNT FOUR

The grand jury further charges:

10.   In and around August 2003, in the Western District of Pennsylvania and elsewhere, the defendant, MARLOWE WEST, and Subjects No. 1 and No. 2, did knowingly execute and attempt to execute a scheme and artifice to defraud PNC Bank, a federally insured financial institution, as described in paragraphs 2, 3 and 4 of this Indictment, which paragraphs are incorporated herein as if set forth in full.

11.   It was part of the scheme and artifice that, on or about the dates set forth in paragraphs 5(a-c), 5(h) and 5(i) of this Indictment, the defendant, MARLOWE WEST, and Subjects No. 1 and 2, did commit the acts set forth therein, which paragraphs are incorporated herein as if set forth in full.

In violation of Title 18, United States Code, Section 1344(1).

A True Bill,

_Jc Michael With_
FOREPERSON

_Mary Beth Buchanan_
MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

CERTIFIED FROM THE RECORD
Date 12/18/07
ROBERT V. BARTH, JR., CLERK
By _Keith A. Anderson_
                              Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                           )
        v.            )    Criminal No. *03 297*
                           )    [~~UNDER SEAL~~]
MARLOWE WEST            )

## CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS

      I hereby certify that I have been notified by the United States Magistrate Judge that all pretrial motions must be filed within ten (10) days of Arraignment unless the Court extends the time upon written application made within said ten (10) day period.

_1-20-04_____
Date

_____
Attorney for Defendant
MARLOWE WEST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
            v.              )    Criminal No. _03-297_
                            )    [~~UNDER SEAL~~]
MARLOWE WEST                )

### ARRAIGNMENT PLEA

Defendant Marlowe West

being arraigned, pleads _NOT GUILTY_

in open Court this _20th_ day of

_January_, 20 _04_.

_____
(Defendant's Signature)

_____
(Attorney for Defendant)

w/1 ksA

CRIMINAL CASE INFORMATION SHEET

Pittsburgh __X__        Erie _____        Johnstown _____

Related to No. _____ Judge _____
(All criminal prosecutions arising out of the same criminal
transaction or series of transactions are deemed related).

CATEGORY: 1.    _____ Antitrust & Securities Fraud
          2.    _____ Tax
          3.    __X__ General Criminal

Defendant's name:              Marlowe West _____

Is Indictment waived:          _____ yes    __X__ no

Pretrial Diversion:            _____ yes    __X__ no

Juvenile proceeding:           _____ yes    __X__ no

Defendant is:                  _____ Male   __X__ Female

Superseding Indictment or
Information:                   _____ yes    __X__ no

     Previous case number:     _____

If superseding, previous case was/will be:

     _____ Dismissed on defendant's motion
     _____ Dismissed on government's motion
     _____ After appellate action
     _____ Other (explain)

County in which first
offense cited occurred:        Allegheny _____

Previous proceedings before
Magistrate Judge:              Amy Reynolds Hay _____

     Case No.:                 03-333M _____

     PLEASE INCORPORATE MAGISTRATE CASE WITH CRIMINAL CASE

Date arrested or date
continuous U.S. custody began: _____

Defendant:                     _____ is in custody  __X__ is not in
custody

Name of Institution:           _____

Custody is on:                 _____ this charge   _____ another charge

                               _____ another conviction

                               _____ State    _____ Federal

Detainer filed:                _____ yes    __X__ no

Date detainer filed: <u>N/A</u>

Total defendants: <u>1</u>

Total counts: <u>4</u>

Data below applies to
defendant No.: <u>1</u>

Defendant's name: <u>Marlowe West</u>

## SUMMARY OF COUNTS

| COUNT NO. | U.S. CODE | OFFENSE | FELONY | MISDEMEANOR |
|-----------|-----------|---------|--------|-------------|
| One | 18 USC § 371 | Conspiracy | X | |
| Two | 18 USC § 1344(1) | Bank Fraud | X | |
| Three | 18 USC § 1344(1) | Bank Fraud | X | |
| Four | 18 USC § 1344(1) | Bank Fraud | X | |

I certify that to the best of my knowledge the above entries are true and
correct.

DATE: _____

BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726

1525

IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )      CRIM. NO. 03-297
                              )
              v.              )      18 U.S.C. §§ 371, 1344(1)
                              )
VERONICA HENDERSON            )
TANGELAR HOUSTON              )
MARLOWE WEST                  )

KSA

22

## SUPERSEDING INDICTMENT

### COUNT ONE

### THE CONSPIRACY

The grand jury charges:

1.   From in and around May 2002, and continuing thereafter
until in and around October 2003, in the Western District of
Pennsylvania and elsewhere, defendants VERONICA HENDERSON, TANGELAR
HOUSTON and MARLOWE WEST, did knowingly and willfully conspire,
combine, confederate and agree together and with other persons both
known and unknown to the grand jury, to commit offenses against the
United States, that is:

(a)   Bank Fraud, in violation of Title 18, United States
Code, Section 1344(1); and

(b)   Access Device Fraud, in violation of Title 18,
United States Code, Section 1029(a)(2).

### MANNER AND MEANS OF THE CONSPIRACY

2.   It was a part of the conspiracy that members of the
conspiracy would obtain unauthorized access devices, typically
credit cards, in the names of individuals known to the grand jury.

(3. It was further a part of the conspiracy that members of the conspiracy would obtain false identification cards in the same names as those associated with the unauthorized access devices.

(4. It was further a part of the conspiracy that members of the conspiracy would use the unauthorized devices to obtain cash advances at federally insured financial institutions, and make unauthorized purchases at various retail establishments.

OVERT ACTS

(5. In furtherance of the conspiracy, and to effect the objects thereof, defendants VERONICA HENDERSON, TANGELAR HOUSTON, and MARLOWE WEST, and others known and unknown to the grand jury, did commit and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania and else-where:

(a) In and around August 2003, defendants VERONICA HENDERSON, TANGELAR HOUSTON, and MARLOWE WEST, obtained at least three unauthorized access devices in the names of individuals known to the grand jury;

(b) In and around August 2003, defendants VERONICA HENDERSON, TANGELAR HOUSTON, and MARLOWE WEST, obtained at least three false identification cards in the names associated with the unauthorized access devices referred to in paragraph 5(a) above;

(c) In and around August 2003, defendants VERONICA HENDERSON, TANGELAR HOUSTON, and MARLOWE WEST, traveled to the Pittsburgh, Pennsylvania area with the unauthorized access devices

and false identification cards referred to in paragraphs 5(a) and 5(b) above;

(d) On or about August 21, 2003, defendant TANGELAR HOUSTON entered the National City Bank Branch on Cochran Road, Mt. Lebanon, Pennsylvania, presented a MasterCard, card # 5189-1916-9817-6327 in the name of an individual known to the grand jury (hereinafter "MK"), and a false identification card in same name, and requested a cash advance in the amount of $8,000.00;

(e) On or about August 21, 2003, defendant MARLOWE WEST entered the National City Bank Branch at the Lebanon Shops, Mt. Lebanon, Pennsylvania, and asked whether the bank did cash advances;

(f) On or about August 22, 2003, defendant MARLOWE WEST entered the Citizens Bank branch at North Fayette, near Pittsburgh, Pennsylvania, presented a credit card, account #5189-1943-8793-9716, in the name of an individual known to the grand jury (hereinafter "SQ") and a false identification card in the same name, and requested a cash advance in the amount of $8,000.00;

(g) On or about August 22, 2003, defendant MARLOWE WEST entered the National City Bank Branch in Carnegie, Pennsylvania, and asked whether the bank did cash advances;

(h) On or about August 22, 2003, defendant TANGELAR HOUSTON entered the PNC Bank Branch in Carnegie, Pennsylvania, presented a MasterCard credit card, account #5189-1916-9817-6327,

in the name of "MK", and a false identification card in same name, and requested a cash advance in the amount of $8,000.00;

(i) On or about August 22, 2003, defendant MARLOWE WEST entered the PNC Bank Branch at PNC Park, Pittsburgh, Pennsylvania, presented a credit card in the name of "SQ", and a false identification card in same name, and requested a cash advance in the amount of $8,000.00;

(j) On or about August 22, 2003, defendant MARLOWE WEST entered the Citizens Bank Southside branch, Pittsburgh, Pennsylvania, presented a credit card, account #5189-1943-8793-9716, in the name of "SQ", and a false identification card in same name, and requested a cash advance in the amount of $8,000.00; and

(k) On or about August 22, 2003, defendant VERONICA HENDERSON entered the National City Bank Branch in Sheraden, Pittsburgh, Pennsylvania, presented a VISA credit card, card #4366-1630-6953-0745, in the name of an individual known to the grand jury as "KW", and a false identification card in the same name, and requested a cash advance.

In violation of Title 18, United States Code, Section 371.

COUNT TWO

The grand jury further charges:

6. In and around August 2003, in the Western District of Pennsylvania and elsewhere, defendants VERONICA HENDERSON, TANGELAR HOUSTON, and MARLOWE WEST, did knowingly execute and attempt to execute a scheme and artifice to defraud National City Bank, a federally insured financial institution, as described in paragraphs 2, 3 and 4 of this Superseding Indictment, which paragraphs are incorporated herein as if set forth in full.

7. It was part of the scheme and artifice that, on or about the dates set forth in paragraphs 5(a-e), 5(g) and 5(k) of this Superseding Indictment, defendants VERONICA HENDERSON, TANGELAR HOUSTON, and MARLOWE WEST, did commit the acts set forth therein, which paragraphs are incorporated herein as if set forth in full.

In violation of Title 18, United States Code, Section 1344(1).

## COUNT THREE

The grand jury further charges:

8.   In and around August 2003, in the Western District of Pennsylvania and elsewhere, defendant MARLOWE WEST did knowingly execute and attempt to execute a scheme and artifice to defraud Citizens Bank, a federally insured financial institution, as described in paragraphs 2, 3 and 4 of this Superseding Indictment, which paragraphs are incorporated herein as if set forth in full.

9.   It was part of the scheme and artifice that, on or about the dates set forth in paragraphs 5(a-c), 5(f) and 5(j) of this Superseding Indictment, defendant MARLOWE WEST did commit the acts set forth therein, which paragraphs are incorporated herein as if set forth in full.

In violation of Title 18, United States Code, Section 1344(1).

## COUNT FOUR

The grand jury further charges:

10.    In and around August 2003, in the Western District of Pennsylvania and elsewhere, defendants TANGELAR HOUSTON and MARLOWE WEST did knowingly execute and attempt to execute a scheme and artifice to defraud PNC Bank, a federally insured financial institution, as described in paragraphs 2, 3 and 4 of this Superseding Indictment, which paragraphs are incorporated herein as if set forth in full.

11.    It was part of the scheme and artifice that, on or about the dates set forth in paragraphs 5(a-c), 5(h) and 5(i) of this Superseding Indictment, defendants TANGELAR HOUSTON and MARLOWE WEST did commit the acts set forth therein, which paragraphs are incorporated herein as if set forth in full.

In violation of Title 18, United States Code, Section 1344(1).

A True Bill,

_____
FOREPERSON

_____
MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

```
CERTIFIED FROM THE RECORD
Date  12 / 18 / 07
ROBERT V. BARTH, JR., CLERK
By_____
                    Deputy Clerk
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 03-297 |
| | ) | |
| VERONICA HENDERSON | ) | |
| TANGELAR HOUSTON | ) | |
| MARLOWE WEST | ) | |

## CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS

I hereby certify that I have been notified by the United States Magistrate Judge that all pretrial motions must be filed within ten (10) days of Arraignment unless the Court extends the time upon written application made within said ten (10) day period.

_____7/29/04_____
Date

Attorney for Defendant
VERONICA HENDERSON

_____3-10-05_____
Date

Attorney for Defendant
TANGELAR HOUSTON

_____
Date

Attorney for Defendant
MARLOWE WEST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
              v.                   )        Criminal No. 03-297
                                   )
VERONICA HENDERSON                 )
TANGELAR HOUSTON                   )
MARLOWE WEST                       )

**FILED**

MAR 10 2005

CLERK, U. S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### ARRAIGNMENT PLEA

Defendant VERONICA HENDERSON

being arraigned, pleads NOT GUILTY

in open Court this 29th day of

___July___, 20 04 .

**FILED**

JUL 2 9 2004

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

_____
(Defendant's Signature)

_____
(Attorney for Defendant)

### ARRAIGNMENT PLEA

Defendant TANGELAR HOUSTON

being arraigned, pleads NOT GUILTY

in open Court this 10th day of

___MARCH___, 20 05 .

_____
(Defendant's Signature)

_____
(Attorney for Defendant)

### ARRAIGNMENT PLEA

Defendant MARLOWE WEST

being arraigned, pleads _____

in open Court this _____ day of

_____, 20____ .


_____
(Defendant's Signature)


_____
(Attorney for Defendant)

CRIMINAL CASE INFORMATION SHEET

Pittsburgh __X__        Erie _____        Johnstown _____

Related to No. ___03-297___ Judge ___Gustave Diamond___
(All criminal prosecutions arising out of the same criminal
transaction or series of transactions are deemed related).

CATEGORY: 1.    _____ Antitrust & Securities Fraud
          2.    _____ Tax
          3.    __X__ General Criminal

Defendant's name:              Marlowe West_____

Is Indictment waived:          _____ yes __X__ no

Pretrial Diversion:            _____ yes __X__ no

Juvenile proceeding:           _____ yes __X__ no

Defendant is:                  _____ Male__X__ Female

Superseding Indictment or
Information:                   __X__ yes _____ no

        Previous case number:  03-297_____

If superseding, previous case was/will be:

        _____ Dismissed on defendant's motion
        __X__ Dismissed on government's motion
        _____ After appellate action
        _____ Other (explain)

County in which first
offense cited occurred:        Allegheny_____

Previous proceedings before
Magistrate Judge:              _____

        Case No.:              _____

        PLEASE INCORPORATE MAGISTRATE CASE WITH CRIMINAL CASE

Date arrested or date
continuous U.S. custody began: _____

Defendant:                     _____ is in custody  __X__ is not in custody

Name of Institution:           _____

Custody is on:                 _____ this charge    _____ another charge

                               _____ another conviction

                               _____ State  _____ Federal

Detainer filed:                _____ yes _____ no

Date detainer filed:           _____

Total defendants:     3

Total counts:     4

Data below applies to
defendant No.:     3

Defendant's name:     Marlowe West

## SUMMARY OF COUNTS

| COUNT NO. | U.S. CODE | OFFENSE | FELONY | MISDEMEANOR |
|-----------|-----------|---------|--------|-------------|
| One | 18 U.S.C. § 371 | Conspiracy | X | |
| Two | 18 U.S.C. § 1344(1) | Bank Fraud | X | |
| Three | 18 U.S.C. § 1344(1) | Bank Fraud | X | |
| Four | 18 U.S.C. § 1344(1) | Bank Fraud | X | |

I certify that to the best of my knowledge the above entries are true and
correct.

DATE: _____3-29-04_____

BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726

25

AO 245B   (Rev. 3/07) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

Judgment entered 1/21/05

_____ WESTERN _____    District of    _____ PENNSYLVANIA _____    MICRO

MICRO 3080 - 3086

UNITED STATES OF AMERICA

V.

**MARLOWE WEST**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:          03-297 CRIMINAL

Stanley Fudor, Esq.
Defendant's Attorney

KSA

**THE DEFENDANT:**

X   pleaded guilty to count(s)   Two of the Superseding Indictment

☐   pleaded nolo contendere to count(s)
     which was accepted by the court.

☐   was found guilty on count(s)
     after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §1344 | Bank Fraud | Aug. 2003 | Two |

        The defendant is sentenced as provided in pages 2 through   _7_   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

X   Count(s)   One, Three and Four          ☐ is   X  are  dismissed on the motion of the United States.

☐   The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

X   It is Ordered that the defendant shall pay to the United States a special assessment of          $100.00          which shall be due immediately.

                IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

07979-068

07979-068
Defendant's USM No.

January 20, 2005
Date of Imposition of Judgment

_Gustave Diamond_
Signature of Judicial Officer

Gustave Diamond, United States District Judge
Name and Title of Judicial Officer

_January 21, 2005_
Date

CERTIFIED FROM THE RECORD
Date 12/18/07
ROBERT V. BARTH, JR., CLERK
By _Keith A. Anderson_
                    Deputy Clerk

DEFENDANT:        MARLOWE WEST
CASE NUMBER:      03-297 Criminal

## IMPRISONMENT

X    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

thirty-three (33)months at Count Two of the Superseding Indictment. No fine. No costs.

X    The court makes the following recommendations to the Bureau of Prisons:

1. That defendant be permitted to participate in the Bureau of Prisons' Inmate Financial Responsibility program for the purpose of making incremental payments toward the outstanding balance of the restitution imposed.

☐    The defendant is remanded to the custody of the United States Marshal.

X    The defendant shall surrender to the United States Marshal for this district:in Oakland, California, or the nearest office for that area.

    X    at _____12:00_____ ☐ a.m. X p.m.  on _____February 18, 2005_____ .

    X    as notified by the United States Marshal. If designated for an institution before the February 18, 2005 date.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       MARLOWE WEST
CASE NUMBER:    03-297 CRIMINAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

five (5) years at Count Two of the Superseding Indictment.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

X    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X    The defendant shall not possess a firearm or destructive device, or any other dangerous weapon.

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐    The defendant shall register with the state sex offender regrstration agency in the state where the defendant resides, works, or is directed by the probation officer.

☐    The defendant shall participate in an approved program for domestic violence.

X    Additional conditions (See below)

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse.

Additional Conditions:

   1. Defendant shall not possess a firearm or destructive device;

   2. Defendant shall not use or possess controlled substances except as prescribed by a licensed medical practitioner for a legitimate medical purpose;

   3. Defendant shall make periodic payments of at least ten percent (10%) of her gross monthly income toward the outstanding balance of restitution unless the probation office demonstrates to the court that the payment of a lessor amount is warranted under the circumstances. Payments shall commence within 30 days of defendant's release from the custody of the Bureau of Prisons;

   4. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer;

   5. Defendant shall provide the probation officer with access to any requested financial information and notify the United States Attorney for this district within 30 days of any change of residence or mailing address that occurs while any portion of the restitution remains unpaid; and,

   6. Defendant shall submit to drug testing and participate in a substance abuse treatment program if deemed necessary by the probation office. Defendant shall submit to one drug urinalysis within 15 days after being placed on supervised release and at least two periodic tests thereafter. Defendant shall contribute to the costs of services for any such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

DEFENDANT:          MARLOWE WEST
CASE NUMBER:     03-297 Criminal

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

DEFENDANT: MARLOWE WEST
CASE NUMBER: 03-297 Criminal

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

X   The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| SEE ATTACHED LIST | SEE ATTACHED LIST |

Payments of restitution are to be made to:

☐   the United States Attorney for transfer to the payee(s).
X   Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐   in full immediately.
☐   in full no later than
☐   in equal monthly installments over a period of                    months.  The first payment is due on the date of this judgment.
      Subsequent payments are due monthly thereafter.
☐   in installments according to the following schedule of payments:

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X   The Court has determined that the defendant does not have the ability to pay interest.  It is Ordered that:

X   the interest is waived.
☐   the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☐   The defendant is ordered to forfeit the following property to the United States:

DEFENDANT:        Marlowe West
CASE NUMBER:      03-297 Criminal

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

### LIST OF VICTIMS

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| BEC Mechanics Bank<br>Attn. Amy Matthews<br>2251 Douglas Blvd, Roseville, CA 95661 | $8,000.00 |
| Bank of America<br>Security Recovery Suport Unit<br>M02-100-19-19<br>POB 790087, St. Louis, MO 63179-0087 | $21,000.00 |
| Hampden Savings Bank<br>19 Harrrison Ave.<br>POB 2048, St. Louis, MO 01102-2048 | $8,000.00 |
| Fleet Bank<br>c/o Bank of America, Security Recovery Support Unit<br>M02-100-19-19<br>POB 790087, St. Louis, MO 63179-0087 | $8,000.00 |
| U.S. Bank<br>Attn: Chris Christensen, Corp. Security<br>1515 S. Orchard, Boise, ID 83707 | $16,000.00 |
| BeBe Store<br>Attn: Farah<br>Dallas Galleria, Dallas, TX 75240 | $1,125.26 |
| Omni American Credit Union<br>Attn: Angel Grizzle, Director of Security<br>POB 150099, Fort Worth, TX 76108 | $8,000.00 |
| Bank One/Chase Card Services<br>Attn: Leslie Ann Godden<br>POB 2852, North Babylon, NY 11703 | $16,000.00 |
| Bank of America<br>Attn: Elaine Scorza, GA6-007-01-01<br>POB 4899, Atlanta, GA 30302 | $15,000.00 |
| World Savings Bank<br>Attn: Mark Luna<br>1141 County Club Drive, Madera, CA 93638 | $2,500.00 |
| Wells Fargo Bank<br>Attn: Kathy Marcanti, MAC S4101-121<br>100 West Washington St., Phoenix, AZ 85003 | $8,000.00 |
| Washington Mutual Bank<br>Attn: Restitution Dept.<br>Sta. #2 LOC<br>400 E. Main St. Fl. 2, Stockton, CA 95290 | $40,000.00 |
| Citizens Bank<br>Attn: Jason Mendel, Corporate Security<br>525 William Penn Way #2820, Pittsburgh, PA 15219 | $16, 000.00 |
| National City Bank<br>Attn: Sany Saikaly, Fraud Investigation<br>Locator 46-06-951<br>116 Allegheny Center Mall, Pittsburgh, PA 15212 | $16,000.00 |
| PNC Bank<br>Deposit Recovery Unit<br>330 Guthrie St., Louisville, KY 40202 | $16,000.00 |
| Wachovia Bank<br>Attn: Wendy Chapman<br>5606 Mableton Parkway, Mableton, GA 30126 | $28,000.00 |

DEFENDANT:        Marlowe West
CASE NUMBER:    03-297 Criminal

## RESTITUTION

**PAYEE**                                                                                          **AMOUNT**

  Defendant shall make periodic payments toward the outstanding balance of restitution pursuant to her participation in the Bureau of Prisons' Inmate Financial Responsibility Program.  Defendant in conjunction with the Bureau of Prison staff personnel shall develop a financial plan in accordance with 28 C.F.R. §545.11(a) and defendant shall make payments in accordance with 28 C.F.R. §§545.11(b)(1) or (2) as appropriate based upon the type of work provided the Bureau. Defendant shall comply with all directives issued by the Warden pursuant to his/her discretion under 28 C.F.R. §545.11.  During the term of supervised release defendant shall make periodic payments in such amounts and at such times as directed by the probation office and approved by the court. The probation office shall address the defendant's (1) financial resources and assets, (2) earnings and income and (3) financial obligations as they then exist in submitting any recommended payment schedule for court approval.   The payments shall be at least ten percent (10%) of defendant's gross monthly income unless the probation office demonstrates to the court that the payment of a lessor amount is warranted under the circumstances.  The outstanding balance of restitution shall not be subject to interest.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA ) 
)
v. ) Criminal No. 03-297
)
MARLOWE WEST )

### ORDER OF COURT

AND NOW, this 7 day of February, 2005, IT IS ORDERED that the Judgment and Conviction Order for Marlow West dated January 20, 2005, be, and the same hereby is, amended to reflect that restitution in the amount of $227,625.26 shall be paid jointly and severally with co-defendants.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc: Brendan T. Conway
Assistant U.S. Attorney

Stanley Fudor, Esq.
Bacharach & Klein
1113 Manor Complex
Pittsburgh, PA 15219

Rebecca Guenther
U.S. Probation Officer

Finance Section
U.S. District Court, W.D.PA

CERTIFIED FROM THE RECORD
Date 12/18/07
ROBERT V. BARTH, JR., CLERK
By _Keith A. Henderson_
Deputy Clerk

AO 72
(Rev. 8/82)

CLOSED

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CRIMINAL DOCKET FOR CASE #: 2:03-cr-00297-GD-1
### Internal Use Only

Case title: USA v. WEST, et al

Date Filed: 12/29/2003
Date Terminated: 01/20/2005

---

Assigned to: Judge Gustave Diamond

### Defendant

**MARLOWE WEST** (1)
*TERMINATED: 01/21/2005*

represented by **Stanley Fudor**
Law Offices of Stanley Fudor
902 Bay View Court
Cranberry Township, PA 16066
(724) 933-1550
Email: tprlawofc@yahoo.com
*TERMINATED: 01/21/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

```
CERTIFIED FROM THE RECORD
Date  12/18/07
ROBERT V. BARTH, JR., CLERK
By  Neich A. Ceederson
                        Deputy Clerk
```

### Pending Counts

18:371 CONSPIRACY
(1)

18:371 CONSPIRACY
(1s)

18:1344(1) BANK FRAUD
(2-4)

18:1344(1) BANK FRAUD
(2s)

### Disposition

COUNTS ONE, THREE AND FOUR
OF THE SUPERSEDING
INDICTMENT ARE DISMISSED ON
THE MOTION OF THE UNITED
STATES.

33 MONTHS IMPRISONMENT AT
COUNT TWO OF THE
SUPERSEDING INDICTMENT. NO
FINE. NO COSTS. UPON RELEASE
FROM IMPRISONMENT, THE DEFT
SHALL BE ON SUPERVISED
RELEASE FOR A TERM OF 5
YEARS AT COUNT TWO OF THE
SUPERSEDING INDICTMENT WITH
STANDARD CONDITIONS OF
SUPERVISION AND ADDITIONAL

CONDITIONS AS STATED MORE FULLY IN ORDER. DEFT SHALL MAKE RESTITUTION IN THE AMOUNT OF $227,625.26. IT IS ORDERED THAT THE DEFT SHALL PAY TO THE UNITED STATES A SPECIAL ASSESSMENT OF $100. 00 WHICH SHALL BE DUE IMMEDIATELY.

18:1344(1) BANK FRAUD (3s-4s)

COUNTS ONE, THREE AND FOUR OF THE SUPERSEDING INDICTMENT ARE DISMISSED ON THE MOTION OF THE UNITED STATES.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

**Plaintiff**

**UNITED STATES OF AMERICA**      represented by  **Brendan T. Conway**
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
Email: brendan.conway@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2003 | 1 | INDICTMENT as to MARLOWE WEST (1) count(s) 1, 2-4 (sealed) (Entered: 12/30/2003) |
| 12/29/2003 | | (Court only) **Added Government Attorney Brendan T. Conway (sealed) (Entered: 12/30/2003) |

| 12/29/2003 | 2 | Indictment Memorandum as to MARLOWE WEST (sealed) (Entered: 12/30/2003) |
| 12/29/2003 | 3 | MOTION by USA as to MARLOWE WEST for issuance of Arrest warrant with Proposed Order. (sealed) (Entered: 12/30/2003) |
| 12/29/2003 |  | ORDER upon motion granting [3-1] motion for issuance of Arrest warrant as to MARLOWE WEST (1) (signed by Mag. Judge Robert C. Mitchell on 12/29/03) CM all parties of record. (sealed) (Entered: 12/30/2003) |
| 12/29/2003 | 4 | MOTION by USA as to MARLOWE WEST to Seal indictment and arrest warrant with Proposed Order. (sealed) (Entered: 12/30/2003) |
| 12/29/2003 |  | ORDER upon motion granting [4-1] motion to Seal indictment and arrest warrant as to MARLOWE WEST (1). IT IS FURTHER ORDERED that the Indictment returned in this case and the Arrest Warrant issued pursuant to the Indictment, together with the Motion to Seal and this Order, are hereby SEALED until further Order of Court and no person shall disclose the return of the Indictment except when necessary for the issuance and execution of the Arrest Warrant. (signed by Mag. Judge Robert C. Mitchell on 12/29/03) CM all parties of record. (sealed) (Entered: 12/30/2003) |
| 12/29/2003 |  | (Court only) Case sealed. (sealed) (Entered: 12/30/2003) |
| 12/30/2003 |  | ARREST WARRANT issued as to MARLOWE WEST (sealed) (Entered: 12/30/2003) |
| 01/08/2004 | 5 | MOTION by USA as to MARLOWE WEST to Unseal indictment and arrest warrant with Proposed Order. (sealed) (Entered: 01/09/2004) |
| 01/09/2004 |  | ORDER upon motion granting [5-1] motion to Unseal indictment and arrest warrant as to MARLOWE WEST (1). IT IS FURTHER ORDERED that the Indictment returned in this case and the Arrest Warrant issued pursuant to said Indictment are hereby UNSEALED. (signed by Mag. Judge Ila J. Sensenich on 1/8/04) CM all parties of record. (sealed) (Entered: 01/09/2004) |
| 01/09/2004 |  | (Court only) Case unsealed. (sealed) (Entered: 01/09/2004) |
| 01/09/2004 | 6 | Initial appearance as to MARLOWE WEST held on 1/8/04 before Mag. Judge Ila J. Sensenich [ Reporter: none ] Arraignment set for 10:00 1/20/04 ; Detention Hearing set for 10:00 1/20/04. (Defendant informed of rights.) (ksa) (Entered: 01/09/2004) |
| 01/09/2004 | 7 | Request for Detention as to MARLOWE WEST (ksa) (Entered: 01/09/2004) |
| 01/09/2004 | 8 | NOTICE of Appearance for MARLOWE WEST by Attorney Stanley Fudor (ksa) (Entered: 01/09/2004) |
| 01/12/2004 | 9 | Detention hearing/arraignment as to MARLOWE WEST set for 10:00 1/20/04 before Mag. Judge Ila J. Sensenich (ksa) (Entered: 01/12/2004) |

| 01/20/2004 | | Arraignment as to MARLOWE WEST held on 1/20/04 before Mag. Judge Ila J. Sensenich [ Reporter: none ] Defendant pleads not guilty. ( with Document # 1 ) (ksa) (Entered: 01/20/2004) |
|---|---|---|
| 01/20/2004 | 10 | Receipt for LCR 16.1 Material as to MARLOWE WEST (ksa) (Entered: 01/20/2004) |
| 01/20/2004 | 11 | Detention hearing as to MARLOWE WEST held on 1/20/04 before Mag. Judge Ila J. Sensenich [ Reporter: Julie Kienzle ]. Deft to be released on $200,000.00 property bond. Deft not to be released until bond is posted. Govt requested stay and it was granted in order to file an appeal to district judge. (ksa) (Entered: 01/20/2004) |
| 01/22/2004 | 12 | TRANSCRIPT of Detention Proceedings as to MARLOWE WEST for date of 1/20/04 before Ila Jeanne Sensenich, Magistrate Judge Reporter: Juliann A. Kienzle (ksa) (Entered: 01/22/2004) |
| 01/23/2004 | 13 | APPEAL of Magistrate Decision to District Court by USA as to MARLOWE WEST (1) appeal taken from order of release. (ksa) (Entered: 01/23/2004) |
| 01/23/2004 | | MOTION by USA as to MARLOWE WEST for revocation of order of release pursuant to Title 18, United States Code, Section 3145(a) with Proposed Order. (w/doc. #13). (ksa) (Entered: 01/23/2004) |
| 01/28/2004 | 14 | ORDER Motion Hearing set for 10:00 2/3/04 as to: MARLOWE WEST, re: (0-1) and the Govt's Notice of Appeal (signed by Judge Gustave Diamond on 1/28/04) CM all parties of record. (ksa) (Entered: 01/28/2004) |
| 01/30/2004 | 15 | MOTION by MARLOWE WEST for extension of Time to file pretrial motions with Proposed Order. (ksa) (Entered: 01/30/2004) |
| 02/02/2004 | 16 | ORDER granting [15-1] motion for extension of Time to file pretrial motions as to MARLOWE WEST (1), reset Pretrial Order Deadlines: Motion Filing 3/1/04 ; (signed by Judge Gustave Diamond on 2/2/04) CM all parties of record. (ksa) (Entered: 02/02/2004) |
| 02/03/2004 | 17 | Detention hearing as to MARLOWE WEST held on 2/3/04 before Judge Gustave Diamond [ Reporter: Rick Ford ]. Ct. convened; Govt counsel presented argument as to why deft poses a risk of flight; Govt withdrew the motion; Court affirmed Magistrate Judge Sensenich's Order of Release, but ordered that deft shall remain in custody until conditions of bond imposed by the order are satisfied. (ksa) (Entered: 02/03/2004) |
| 02/03/2004 | 18 | ORDER as to MARLOWE WEST that the Release Order be, and the same hereby is, affirmed; and, IT FURTHER IS ORDERED that deft shall remain in custody until she complies with the condition of the Release Order that she post a bond in the amount of $200,000.00 secured by the equity in her mother's home. (signed by Judge Gustave Diamond on 2/3/04) CM all parties of record. (ksa) (Entered: 02/03/2004) |
| 02/18/2004 | 19 | ORDER Setting Conditions of Release as to MARLOWE WEST Bond set to $200,000.00 Property Bond. (signed by Mag. Judge Robert C. |

| | | |
|---|---|---|
| | | Mitchell on 2/18/04) CM all parties of record. (ksa) (Entered: 02/19/2004) |
| 02/18/2004 | | Appearance BOND entered by MARLOWE WEST in the amount of $200,000.00 property bond. (ksa) (Entered: 02/19/2004) |
| 03/05/2004 | 20 | MOTION by MARLOWE WEST for Extension of Time to file pretrial motions with Proposed Order. (ksa) (Entered: 03/05/2004) |
| 03/08/2004 | 21 | MEMORANDUM ORDER granting [20-1] motion for Extension of Time to file pretrial motions as to MARLOWE WEST (1), reset Pretrial Order Deadlines: Motion Filing 4/1/04 ; (signed by Judge Gustave Diamond on 3/8/04) CM all parties of record. (ksa) (Entered: 03/08/2004) |
| 03/29/2004 | 22 | SUPERSEDING INDICTMENT as to MARLOWE WEST (1) count(s) 1s, 2s-4s , VERONICA HENDERSON (2) count(s) 1, 2, TANGELAR HOUSTON (3) count(s) 1, 2, 4 (ksa) (Entered: 03/29/2004) |
| 03/29/2004 | | (Court only) **Procedural Interval start P0 as to MARLOWE WEST (1) count(s) 1s, 2s-4s (ksa) (Entered: 03/29/2004) |
| 03/29/2004 | 23 | Superseding Indictment Memorandum as to MARLOWE WEST, VERONICA HENDERSON, TANGELAR HOUSTON (ksa) (Entered: 03/29/2004) |
| 03/30/2004 | 26 | Arraignment as to MARLOWE WEST set for 10:00 4/5/04 for before Mag. Judge Amy R. Hay (ksa) (Entered: 03/30/2004) |
| 04/02/2004 | 27 | MOTION by MARLOWE WEST for Extension of Time to file pretrial motions with Proposed Order. (ksa) (Entered: 04/05/2004) |
| 04/05/2004 | 28 | ORDER granting [27-1] motion for Extension of Time to file pretrial motions as to MARLOWE WEST (1), reset Pretrial Order Deadlines: Motion Filing to 6/1/04 ; IT IS FURTHER ORDERED that pursuant to Local Criminal Rule 12.1(c) the govt shall file a response and accompanying brief to any pretrial motions within ten days of the date of service. (signed by Judge Gustave Diamond on 4/5/04) CM all parties of record. (ksa) (Entered: 04/05/2004) |
| 04/12/2004 | 30 | WAIVER OF APPEARANCE for Arraignment and Entry of Plea of Not Guilty by MARLOWE WEST (ksa) (Entered: 04/12/2004) |
| 04/28/2004 | 32 | PETITION by MARLOWE WEST for Permission to Leave Jurisdiction with Proposed Order. (jsp) (Entered: 04/28/2004) |
| 04/29/2004 | | ORDER upon motion granting [32-1] motion for Permission to Leave Jurisdiction as to MARLOWE WEST (1) (signed by Judge Gustave Diamond on 4/29/04) CM all parties of record. (jsp) (Entered: 04/29/2004) |
| 05/03/2004 | 33 | Summons Returned Unexecuted by cert. mail as to MARLOWE WEST (ces) (Entered: 05/03/2004) |
| 05/04/2004 | 34 | PETITION by MARLOWE WEST for permission to leave jurisdiction |

| | | with Proposed Order. (ksa) (Entered: 05/04/2004) |
|---|---|---|
| 05/05/2004 | | ORDER upon motion granting [34-1] motion for permission to leave jurisdiction as to MARLOWE WEST (1). It is hereby ORDERED, ANDJUDGED AND DECREED that deft is granted permission of this Court to travel to and visit with the biological father of her child, on 5/7/04, Donnell Lott, who lives at 6500 Kelvin Avenue, Conoga Park, CA 91306, with a return to her residence via private vehicle on 5/10/04. (signed by Judge Joy Flowers Conti for Judge Gustave Diamond on 5/5/04) CM all parties of record. (ksa) (Entered: 05/05/2004) |
| 05/28/2004 | 36 | MOTION by MARLOWE WEST for Extension of Time to file pretrial motions with Proposed Order. (ksa) (Entered: 05/28/2004) |
| 06/01/2004 | 37 | ORDER as to MARLOWE WEST granting [36-1] motion for Extension of Time to file pretrial motions as to MARLOWE WEST (1), reset Motion Filing deadline to 6/15/04 for MARLOWE WEST , to Continue in Interests of Justice Time excluded from 6/1/04 to 6/15/04 (signed by Judge Gustave Diamond on 6/1/04) CM all parties of record. (jsp) (Entered: 06/01/2004) |
| 07/20/2004 | 39 | ORDER as to MARLOWE WEST, set Status Conference for 10:00 7/22/04 . (signed by Judge Gustave Diamond on 7/20/04) CM all parties of record. (tt) (Entered: 07/20/2004) |
| 07/22/2004 | 40 | Status conference as to MARLOWE WEST held on 7/22/04 before Judge Gustave Diamond [ Reporter: none ] (plh) (Entered: 07/22/2004) |
| 08/12/2004 | 47 | ORDER as to MARLOWE WEST, set Change of Plea Hearing for 10:00 8/31/04 for MARLOWE WEST (signed by Judge Gustave Diamond on 8/12/04) CM all parties of record. (aen) (Entered: 08/12/2004) |
| 08/31/2004 | 50 | Change of Plea Hearing as to MARLOWE WEST held on 8/31/04 before Judge Gustave Diamond [ Reporter: Marlene Robinson ] (w/plea agreement attached as Govt Exhibit A). (ksa) (Entered: 08/31/2004) |
| 08/31/2004 | 51 | CHANGE OF PLEA from Not Guilty to, Guilty: MARLOWE WEST (1) count(s) 2s Terminated motions [0-1] motion for revocation of order of release pursuant to Title 18, United States Code, Section 3145(a) as to MARLOWE WEST (1) on 8/31/04 before Judge Gustave Diamond (ksa) (Entered: 08/31/2004) |
| 08/31/2004 | 52 | ORDER as to MARLOWE WEST, set Sentencing for 10:00 12/2/04 in Courtroom No. 2, Eighth Floor, USPO & Courthouse, Pittsburgh, PA. (signed by Judge Gustave Diamond on 8/31/04) CM all parties of record. (ksa) (Entered: 08/31/2004) |
| 11/22/2004 | 59 | MEMORANDUM ORDER and TENTATIVE FINDINGS and Rulings as to MARLOWE WEST (signed by Judge Gustave Diamond on 11/22/04) CM all parties of record. (ksa) (Entered: 11/22/2004) |
| 12/02/2004 | 62 | Sentencing Hearing held on 12/2/04 before Judge Gustave Diamond [ Reporter: Rick Ford ]. Court convened; Court explained on the record the meeting in chambers w/counsel and the fact that Stanley Fudor, Deft's |

| | | |
|---|---|---|
| | | counsel, was unable to attend today due to a family emergency; Court also explained newly received information re: the number of victims in the case and potential for 2 level increase to deft's offense level; Deft expressed her understanding of these matters and stated that she desired to postpone the sentencing until Mr. Fudor is available to represent her. (ksa) (Entered: 12/02/2004) |
| 01/11/2005 | 64 | ORDER as to MARLOWE WEST, set Sentencing for 10:00 1/20/05 in Courtroom No. 2, 8th Floor, USPO & Courthouse, Pittsburgh, PA. (signed by Judge Gustave Diamond on 1/11/05) CM all parties of record. (ksa) (Entered: 01/11/2005) |
| 01/18/2005 | 65 | Position by MARLOWE WEST with respect to sentencing factors (ksa) (Entered: 01/19/2005) |
| 01/20/2005 | 66 | AMENDED MEMORANDUM ORDER AND TENTATIVE FINDINGS AND RULINGS as to MARLOWE WEST (signed by Judge Gustave Diamond on 1/19/05) CM all parties of record. (ksa) (Entered: 01/21/2005) |
| 01/21/2005 | 67 | Sentencing Hearing held on 1/20/05 before Judge Gustave Diamond [ Reporter: Patty Sherman ] re: MARLOWE WEST (1) count(s) 1s, 2s, 3s-4s (ksa) (Entered: 01/21/2005) |
| 01/21/2005 | 68 | JUDGMENT MARLOWE WEST (1) count(s) 2s. THE DEFT IS HEREBY COMMITTED TO THE CUSTODY OF THE US BUREAU OF PRISONS TO BE IMPRISONED FOR A TOTAL TERM OF 33 MONTHS AT COUNT TWO OF THE SUPERSEDING INDICTMENT. NO FINE. NO COSTS. THE COURT MAKES THE FOLLOWING RECOMMENDATIONS TO THE BUREAU OF PRISONS: THAT DEFT BE PERMITTED TO PARTICIPATE IN THE BUREAU OF PRISONS' INMATE FINANCIAL RESPONSIBILITY PROGRAM FOR THE PURPOSE OF MAKING INCREMENTAL PAYMENTS TOWARD THE OUTSTANDING BALANCE OF THE RESTITUTION IMPOSED. THE DEFT SHALL SURRENDER TO THE US MARSHAL FOR THIS DISTRICT IN OAKLAND, CALIFORNIA, OR THE NEAREST OFFICE FOR THAT AREA AT 12:00 PM ON 2/18/05. UPON RELEASE FROM IMPRISONMENT, THE DEFT SHALL BE ON SUPERVISED RELEASE FOR A TERM OF 5 YEARS AT COUNT TWO OF THE SUPERSEDING INDICTMENT WITH STANDARD CONDITIONS OF SUPERVISION AND ADDITIONAL CONDITIONS AS STATED MORE FULLY IN ORDER. DEFT SHALL MAKE RESTITUTION TO THE FOLLOWING PERSONS IN THE FOLLOWING AMOUNTS: BEC MECHANICS BANK, ATTN: AMY MATTHEWS, 2251 DOUGLAS BLVD, ROSEVILLE, CA 95661 IN THE AMOUNT OF $8,000.00, BANK OF AMERICA, SECURITY RECOVERY SUPPORT UNIT M02-100-19-19, ST. LOUIS, MO 63179-0087 IN THE AMOUNT OF $21,000.00, HAMPDEN SAVINGS BANK, 19 HARRISON AVE., POB 2048, ST LOUIS, MO 01102-2048 IN THE AMOUNT OF $8,000.00, FLEET BANK, C/O BANK OF AMERICA, SECURITY RECOVERY SUPPORT UNIT, M02-100-19-19, POB 790087, ST. LOUIS, MO |

63179-0087 IN THE AMOUNT OF $8,000.00, U.S. BANK, ATTN:
CHRIS CHRISTENSEN, CORP. SECURITY, 1515 S. ORCHARD,
BOISE, ID 83707 IN THE AMOUNT OF $16,000.00, BEBE STORE,
ATTN: FARAH, DALLAS GALLERIA, DALLAS, TX 75240 IN THE
AMOUNT OF $1,125.26, OMNI AMERICAN CREDIT UNION,
ATTN: ANGEL GRIZZLE, DIRECTOR OF SECURITY, POB 150099,
FORT WORTH, TX 76108 IN THE AMOUNT OF $8,000.00, BANK
ONE/CHASE CARD SERVICES, ATTN: LESLIE ANN GODDEN,
POB 2852, NORTH BABYLON, NY 11703 IN THE AMOUNT OF
$16,000.00, BANK OF AMERICA, ATTN: ELAINE SCORZA, GA6-
007-01-01, POB 4899, ATLANTA, GA 30302 IN THE AMOUNT OF
$15,000.00, WORLD SAVINGS BANK, ATTN: MARK LUNA, 1141
COUNTY CLUB DRIVE, MADERA, CA 93638 IN THE AMOUNT OF
$2,500.00, WELLS FARGO BANK, ATTN: KATHY MARCANTI,
MAC S4101-121, 100 WEST WASHINGTON ST., PHOENIX, AZ
85003 IN THE AMOUNT OF $8,000.00, WASHINGTON MUTUAL
BANK, ATTN: RESTITUTION DEPT., STA. #2 LOC, 400 E. MAIN
ST. FL. 2, STOCKTON, CA 95290 IN THE AMOUNT OF $40,000.00,
CITIZENS BANK, ATTN: JASON MENDEL, CORPORATE
SECURITY, 525 WILLIAM PENN WAY #2820, PITTSBURGH, PA
15219 IN THE AMOUNT OF $16,000.00, NATIONAL CITY BANK,
ATTN: SANY SAIKALY, FRAUD INVESTIGATION, LOCATOR 46-
06-951, 116 ALLEGHENY CENTER MALL, PITTSBURGH, PA 15212
IN THE AMOUNT OF $16,000.00, PNC BANK, DEPOSIT
RECOVERY UNIT, 330 GUTHRIE ST., LOUISVILLE, KY 40202 IN
THE AMOUNT OF $16,000.00 AND WACHOVIA BANK, ATTN:
WENDY CHAPMAN, 5606 MABLETON PARKWAY, MABLETON,
GA 30126 IN THE AMOUNT OF $28,000.00. DEFT SHALL MAKE
PERIODIC PAYMENTS TOWARD THE OUTSTANDING BALANCE
OF RESTITUTION PURSUANT TO HER PARTICIPATION IN THE
BUREAU OF PRISONS' INMATE FINANCIAL RESPONSIBILITY
PROGRAM. DEFT IN CONJUNCTION WITH THE BUREAU OF
PRISON STAFF PERSONNEL SHALL DEVELOP A FINANCIAL
PLAN IN ACCORDANCE WITH 28 C.F.R. 545.11(A) AND DEFT
SHALL MAKE PAYMENTS IN ACCORDANCE WITH 28 C.F.R.
545.11(B)(1) OR (2) AS APPROPRIATE BASED UPON THE TYPE
OF WORK PROVIDED THE BUREAU. DEFT SHALL COMPLY
WITH ALL DIRECTIVES ISSUED BY THE WARDEN PURSUANT
TO HIS/HER DISCRETION UNDER 28 C.F.R. 545.11. DURING THE
TERM OF SUPERVISED RELEASE DEFT SHALL MAKE PERIODIC
PAYMENTS IN SUCH AMOUNTS AND AT SUCH TIMES AS
DIRECTED BY THE PROBATION OFFICE AND APPROVED BY
THE COURT. THE PROBATION OFFICE SHALL ADDRESS THE
DEFT'S FINANCIAL RESOURCES AND ASSETS, EARNINGS AND
INCOME AND FINANCIAL OBLIGATIONS AS THEY THEN EXIST
IN SUBMITTING ANY RECOMMENDED PAYMENT SCHEDULE
FOR COURT APPROVAL. THE PAYMENTS SHALL BE AT LEAST
10% OF DEFT'S GROSS MONTHLY INCOME UNLESS THE
PROBATION OFFICE DEMONSTRATES TO THE COURT THAT
THE PAYMENT OF A LESSOR AMOUNT IS WARRANTED

| | | |
|---|---|---|
| | | UNDER THE CIRCUMSTANCES. THE OUTSTANDING BALANCE OF RESTITUTION SHALL NOT BE SUBJECT TO INTEREST. IT IS ORDERED THAT THE DEFT SHALL PAY TO THE UNITED STATES A SPECIAL ASSESSMENT OF $100.00 WHICH SHALL BE DUE IMMEDIATELY. PAYMENTS OF RESTITUTION ARE TO BE MADE TO CLERK, U.S. DISTRICT COURT, FOR TRANSFER TO THE PAYEE. MARLOWE WEST (1) count(s) 1s, 3s -4s. COUNTS ONE, THREE AND FOUR OF THE SUPERSEDING INDICTMENT ARE DISMISSED ON THE MOTION OF THE UNITED STATES. (signed by Judge Gustave Diamond on 1/21/05) (ksa) (Entered: 01/21/2005) |
| 01/21/2005 | | (Court only) **Termination of party MARLOWE WEST pending deadlines and pending motions as to MARLOWE WEST (ksa) (Entered: 01/21/2005) |
| 01/21/2005 | | (Court only) **JS3 Closing Card for MARLOWE WEST (ksa) (Entered: 02/03/2005) |
| 02/07/2005 | 69 | ORDER as to MARLOWE WEST that the Judgment and Conviction Order for Marlowe West dated 1/20/05, be, and the same hereby is, amended to reflect that restitution in the amount of $227,625.26 shall be paid jointly and severally with co-defts. (signed by Judge Gustave Diamond on 2/7/05) CM all parties of record. (ksa) (Entered: 02/08/2005) |
| 03/07/2005 | 77 | Judgment Returned Executed as to MARLOWE WEST ; on 2/18/05 (ksa) (Entered: 03/07/2005) |
| 03/17/2005 | | Receipt that property bond papers as to MARLOWE WEST were sent by certified mail and signed for on 3/11/05. (ksa) (Entered: 03/17/2005) |
| 07/28/2005 | | ***Terminated Case. (ms) (Entered: 07/28/2005) |
| 12/13/2005 | 101 | SATISFACTION OF JUDGMENT as to MARLOWE WEST Satisfied as to Special Assessment by UNITED STATES OF AMERICA (ksa) (Entered: 12/13/2005) |
| 08/11/2006 | 103 | PETITION FOR PROBATION/SUPERVISED RELEASE ACTION AND ORDER - as to MARLOWE WEST (Attachments: # 1 Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision from Northern District of California) (ksa) (Entered: 08/14/2006) |
| 08/22/2006 | 104 | ORDER as to MARLOWE WEST re 103 Petition on Supervised Release. See order for further details. Signed by Judge Gustave Diamond on 8/21/06. (kw) (Entered: 08/22/2006) |
| 12/17/2007 | 106 | Probation Jurisdiction Transferred to Northern District of California as to MARLOWE WEST. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, superseding indictment, judgment, order amending judgment and docket sheet. (ksa) (Entered: 12/18/2007) |